(120 App. Div. 166)

KUPEC v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

1. MASTER AND SERVANT—DEATH OF SERVANT—NEGLIGENCE—EVIDENCE.

Evidence, in an action for death of an employé of a railway company, who, in attempting to cross its tracks in a subway, was killed by a car, *held* insufficient to show negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 954–977.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

Evidence, in an action for death of an employé of a railway company, who was killed by attempting to cross its tracks in a subway, jumping from the platform almost in front of a car, *held* to show contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 988–996.]

Appeal from Trial Term, New York County.

Action by Annie Kupec, administratrix, against the Interborough Rapid Transit Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

J. Osgood Nichols (G. Tarleton Goldthwaite, on the brief), for appellant.

Joseph Steiner, for respondent.

McLAUGHLIN, J. On the 9th of October, 1904, the plaintiff's intestate was in the employ of the defendant as an electrician's helper. He attempted to cross its tracks at the downtown subway station at 137th street and Broadway, and in doing so was struck by a southbound car, receiving injuries from which he died a short time thereafter. This action was brought to recover the damages sustained, on the ground that his death was due to the negligence of the defendant. Plaintiff had a verdict for $5,000, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant appeals.

The intestate jumped from the station platform onto the southbound tracks, and had only taken a few steps, when he was struck by the car. The evidence clearly shows that he jumped right in front of the car, or so nearly in front of it that he had barely time to take a few steps, when he was caught by the car and crushed between it and the platform. There are three tracks at this point—the north and south-bound locals, and the express in the center. The uncontradicted evidence is that there were lights upon the car, and there was nothing to obstruct the vision north of the station as far as 145th street, and had the deceased looked in that direction, or exercised any care whatever to ascertain whether a car was approaching, he could not help but have seen it. There is some evidence to the effect that there is a curve at this point, but the overwhelming weight of evidence is that the car was not running on this curve. The train was started about 300 feet north of the station, which was plainly visible from the place where the intestate jumped from the platform. He was familiar with the operation of the cars, the situation of the tracks, and had been told of the location of the person who gave the signal to start the cars. The fact is undisputed that the motorman saw the intestate when he jumped from the platform, and that the train was stopped, after it struck him, within about half its length. The claim of the respondent, therefore, that the intestate should have been supplied with a lantern, so that the motorman of the car could see him, is of no consequence, because it would have made no difference; the accident would have occurred just the same.

Not only this, but there is no evidence of any negligence on the part of the defendant. It had provided another way to reach the place where he was at work. This is what is called in the record a "towpath." This towpath was provided for the purpose of enabling the employés to go to and from their work without crossing the tracks.

He could have returned. to his work in this way, without subjecting himself to any danger whatever. He did not do it, but, instead, at-tempted to cross the tracks, and thereby lost his life. There is, as I read the record, no evidence whatever which justified a finding on the part of the jury that the defendant was negligent, and the evidence is overwhelming that the deceased himself was guilty of contributory negligence. Had he exercised the slightest care for his own protection, the accident could not have happened. The truth is he heedlessly and carelessly jumped almost immediately in front of the moving train, and then, as one of the witnesses said, "lost his head," and, instead of continuing in the direction in which he was going, undertook to get back onto the platform, and before he succeeded in doing so was struck by the car. The case in principle cannot be distinguished from Keating, as Adm'x, v. Manhattan Ry. Co., 110 App. Div. 108, 97 N. Y. Supp. 137, and McLaughlin, as Adm'x, v. Manhattan Ry. Co., 111 App. Div. 254, 97 N. Y. Supp. 719.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.